TATE, Judge.
The Department expropriated the defendants’ land for highway purposes. The landowners’ appeal urges that the trial court incorrectly failed to award severance damages. By its answer to the appeal, the Department contends that the award for the land taken is excessive.
Prior to the taking, the defendants owned a 17-acre[1] tract fronting west on a two-lane blacktop highway. By the taking, a %oth-acre strip across the front was taken for a 2-lane feeder road into a new 4-lane highway to the south of the property. For this major highway itself, a 6j4-acre strip was taken through the tract. The new highway frontage will have full access to both the 4-lane main roadway and to the 2-lane feeder road.

Award for the Land Taken

The trial court awarded $18,000 for the 7.290 acres taken, or slightly more than $2,450 per acre. While conceding that the front land taken had even a greater value, the Department contends that the award is in excess of the proven value of the rear acreage taken.
The comparables testified to by the landowners’ experts showed prices for rear acreages paid approximating the present award of $2,450 per acre for the subject rear acreage, such as for the nearby Curtis property. We find no error in this factual determination by the trial court.

Severance Damages

The defendants contend that the untaken remainder of their property has suffered a loss in value, through (a) the new roadway being closer to their home and because (b) their former rectangular tract has been cut up into three triangular strips of lessened subdivision value.

a.

As to the home, the trial court found that the new 2-lane feeder highway bed will be just ten feet closer than the former highway fronting it. Formerly the home was 60-65 feet from the highway itself; now it will be 50-55. Formerly it was 30-35 feet from the edge of the right of way; now it will be 20-25 feet.
The home is on the back corner of the property, some 400-500 feet from the new 4-lane highway. There is no suggestion that the traffic on the narrow feeder roadway in front of the home will be any heavier than that on the former fronting roadway.
The trial court properly found that the slightly-nearer lightly-travelled feeder road will not cause any loss in value of the *116 home. State Through Dept. of Highways v. Moresi, La.App.3d Cir., 189 So.2d 292, and similar decisions relied upon by the landowners are factually distinguishable.

b.

As a result of the taking, the plaintiff is left (using round numbers) with three triangular parcels of land: the home place of 7 acres, another of 3 acres, and a third of a quarter-acre (the last left as a triangular island between three roadways). The landowners’ experts testified generally that these strips had suffered from 20-50% loss in value, because the new shapes would make them harder to utilize for their highest and best use, suburban homesites. The trial court could properly disregard this vague and generalized testimony as insufficiently proving such deterioration in value.
Further, the Department’s experts felt that the new highway frontage opening up the rear acreage had increased its value by about $1,000 per acre. Before the taking, the entire tract had a frontage of about 550 feet on the 2-lane road; the land now has the same frontage on the new road, plus frontages for formerly rear acreage of 750 and 995 feet on the 4-lane highway to be constructed. Likewise, the experts pointed out the sale of a small 2-acre triangular tract with good highway frontage in the immediate neighborhood for $2,709 per acre, thus discounting the landowners’ testimony that such triangular strips had little market value.
The Department’s experts essentially felt that no severance damages were caused the remainder, and that in fact the market value of the rear acreage was increased because of the new highway frontage provided for it. They felt this formerly residential property was now more readily marketable for light industrial and commercial purposes.
We find no error in the trial court’s holding that the defendant landowners had not proved any severance damage to the remainder of their property caused by the taking.
The landowners strongly urge, however, that severance damages to the remainder must be determined as of the date of trial. LSA-R.S. 48:453. They point out that, although the strips were taken for highway purposes, by trial no highways had actually been built. They contend that, ’therefore, they are left with three strips of land without any highway frontage whatsoever (as of the date of the trial).
The severance damages contemplated by the statute are generally those to result after construction of the highways for which the land is taken. State Through Dept. of Highways v. Black, La.App.3d Cir., 207 So.2d 583; cf., LSA-R.S. 48:451. The jurisprudence interpreting the cited statute permits the landowner to elect whether to sue immediately for the contemplated severance damages rather than to wait until after the construction is completed, but the landowner nevertheless bears the burden of proving what his severance damages will be upon the completion of the project. State Through Dept, of Highways v. Black, cited above.
Of course, when the landowner does sue immediately, he is entitled to recover for any loss in market value of the remainder at the date of the trial resulting from any temporary loss of access for an appreciable period to be suffered until the construction is completed. State Through Dept. of Highways v. Neyrey, La.App. 4th Cir., 186 So.2d 705, certiorari denied 249 La. 706, 190 So.2d 230; State Through Dept. of Highways v. Davis, La.App.3d Cir., 149 So.2d 164; cf. State Through Dept. of Highways v. Brammer, La.App.3d Cir., 160 So.2d 355. This is essentially because this factor reducing market value is an actual and provable loss at the date of the trial and thus allowable by statute.
Here, however, no actual temporary loss of access is proved: the front and rear acreages are still as accessible from the *117 (old) highway as before. Nor is there any testimony that any actual loss in market value has resulted from any possible loss of access during construction.

Conclusion

We find no error in the trial court’s award for the value of the land, nor in its conclusion that the remainder was caused no severance damage by the taking. We therefore affirm the trial court judgment, at the cost of the defendants-appellants.
Affirmed.

. The actual area was 17.380 acres, from which a total of 7.290 acres was taken. For convenience of discussion, we will use round numbers throughout the text.