BAILES, Judge Pro Tem.
This expropriation case involves the taking of two parcels of land in St. Tammany Parish, Louisiana, under the provisions of LSA-R.S. 48:441 et seq., usually referred to as the “quick taking” statute. On December 16, 1970, the State of Louisiana, through the Department of Highways (Department) expropriated property belonging to Lloyd Rowe Davidson and Alfred W. Evans, situated on the west side of U. S. Highway 190, just south of Covington.
The land in question lies entirely within Square 23 of Mailleville subdivision. Taken in full ownership was the approximate eastern half of Square 23; Additionally, a triangular shaped parcel in the southern portion of Square 23, and adjacent to that taken in full ownership, was also made subject to a permanent servitude of drainage. For these two takings, the sum of $18,423.00 was deposited by the Department as just compensation for the land. Thereafter, the landowners judicially sought an increase in that compensation.
The matter was set for trial and heard on February 21, 1972. Judgment was subsequently rendered ordering that the Department pay $29,882.00 for both parcels taken, less credit for the $18,423.00 deposited with the filing of the suit, and $12,000.-00 as severance damages. Thereafter, the Department appealed that judgment but before being heard by this court, the matter was remanded to the trial court for the taking of additional evidence on the joint motion of counsel.
On March 26, 1973, that additional testimony was taken and judgment was again *810 rendered by the trial judge awarding as compensation and severance damages the identical amounts that had been rendered in the previous judgment. Again, the Department of Highways has appealed. However, the only question before us on this appeal is the amount of severance damages to be awarded.
At the first trial of this case, the state’s initial witness was Henry B. Breeding, Jr., an appraiser, who testified that he determined the severance damage to the property in question to be $12,065.00 immediately after the taking but that, at the time of the trial, there was no severance damage to the remainder because it had experienced a general increase in value along with all of the other property in the vicinity. Later in the trial, by stipulation of counsel, the appraisal report of Edward J. Deano was admitted on a summary sheet only and without testimony that appraiser estimated severance damages at $4,770.00.
During the presentation of the defendants’ case, counsel for the landowners stated that they would accept the state’s appraisal testimony as to severance damages and would offer no evidence in that regard. Written reasons for judgment were subsequently rendered by the trial judge in which he accepted the testimony of Breeding as to the severance damages and thus awarded $12,000.00 for that item.
As previously noted herein, that judgment was appealed but was then remanded for the taking of further testimony. The second hearing was concerned with the severance damage question only. At a later date, the trial judge rendered a second judgment awarding the amounts initially ordered subsequent to the first hearing. In written reasons for that second judgment, he found that the severance damage award of $12,000.00 should be maintained as originally rendered and further, that the Department had failed to carry its burden to prove special benefits to the defendants’ remaining property. We affirm.
At the second hearing, Breeding confirmed his prior testimony to the effect that, although there were severance damages to the remainder after the taking, that those damages had been offset by the time of the trial due to an increase in general market conditions. As the examination of him proceeded, the Department questioned him concerning special benefits to the remainder which may have existed due to the installation of certain culverts by the Department. At pages 195 and 196 of the transcript, these remarks are found:
“Q. I will repeat the question. Assuming that you had been aware that the culverts at the roadway had been put in at the expense of the State Highway Commission at the date of the trial, would you have still determined that the $12,000.00 figure was adequate severance damages ?
“A. No. I would have considered it something less than that because it provided, as I say, it was provided with culverts. They covered it for him so that he had an area that he could to some extent use.
* * * * * *
“Q. How much less would you have determined ?
“A. Mr. Liska, it would be a judgment factor without going into a lot of research, but I would say probably somewhere it would have reduced the amount of damages by twenty-five to fifty percent less than I originally had.”
Considering first the question of severance damages at the time of the trial herein, we note that in State, Department of Highways v. William T. Burton Indus., Inc., 219 So.2d 837 (3rd Cir. 1969) the principle that severance damage to a remainder is not to be offset by a general appreciation in the market value of the *811 land in the area of the taking was firmly-established. There the court at page 842 said:
“The Department also contends that severance damages should not have been allowed because the landowner’s appraisers did not value the remainder as of the date of the 1967 trial. These experts estimated the damage to this remainder caused by the 1960-61 taking as of its date. In determining the market value of the tract at the 1967 trial, they did not take into consideration any increase in the value of the acreage produced by the general improvement in economic conditions between the time of the initial taking and of the trial seven years later.
“In suggesting that this method of ap-praisement was erroneous, the Department relies on the provisions of LSA-R. S. 48:453 that: ‘ * * * Damage to the remainder of the property is determined as of the date of the trial. * * * 9
“The ‘quick-taking’ statute, LSA-R.S. 48:441-60, does indeed provide that, when part of a tract is taken, severance damages should be determined as of the date of the trial, 48:453, which the statutory scheme contemplated as being after the highway project was completed and accepted by the Department, 48:451.
“[8,9] In our view, however, the provision that severance damages be valued as of the date of the trial was statutorily intended to specify that the damages the remainder suffers should be reduced by special benefits which result to it from the completion of the highway comstruction[1], not to deprive the landowner of compensation for damages sustained by his tract because of any general increase in the value of land between the taking and the trial. We do not believe that the legislature intended to deprive a landowner of damages to his property undoubtedly caused him by the taking, simply because — in the long interval between the taking itself and the subsequent completion of the long-term major highway construction project — his property had increased in value due to generally improved economic conditions, along with all lands in the area (and, probably, most other lands in the entire State).
“[10] The landowners’ damages should not be offset by such a general appreciation in value, any more than it is by general benefits the tract receives because of the improvement. As stated by the Grey decision, cited above, ‘ * * * the citizen whose property is taken cannot be compelled to bear more of the cost of the public improvement and general benefits resulting therefrom than is borne by other property owners whose property is neither taken nor damaged for the public purpose.’ 2 So.2d 660.”
Applying that rationale to the case at bar, we conclude that the trial judge correctly refused to deduct from the severance damage award any increase due to the general market conditions prevailing in the area.
It is also well established that the burden of proof as to special benefits which may accrue to a remainder and which may be offset against severance damages, rests with the Department. In Burton, supra, we note:
“The landowner has the burden of proving that severance damages were sustained, LSA-R.S. 48:453. However, the condemning authority has the burden to prove that the remainder received special benefits available as an offset against severance damages otherwise allowable *812 to the landowner. City of New Orleans v. Giraud, 238 La. 278, 115 So.2d 349; State Through Dept. of Highways v. Marks, La.App. 4th Cir., 188 So.2d 653.” (Emphasis added)
Here, the district judge found that the Department had not maintained that burden. That decision will not be disturbed unless manifestly erroneous. State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972). While Breeding testified at the second trial that there were special benefits, as his testimony quoted above indicates, he did not state any definite amount and, in fact, seemed uncertain. The Department of Highways offered no other evidence as to special benefits. Standing alone, that testimony is insufficient proof of such an allegation and will not serve to offset the severance damages awarded. We find no error in the judgment of the court below.
For the foregoing reasons, the decision of the district court will be af firmed. The appellant is cast for all costs of these proceedings which may be legally assessed against the State of Louisiana.
Affirmed.

“1. The more common practice is for the landowner to file suit for his severance damages before completion of these long-term highway construction projects. In benefits to be received by the remainder this event, the determination of special several years later involves more speculative factors. State Through Dept. of Highways v. Black, La.App. 3d Cir., 207 So.2d 583, 589.”