WATSON, Judge.
This is an expropriation suit brought by the Louisiana Department of Highways in which the defendant landowner, Ray Johnson, has appealed, alleging that the trial court erred in offsetting benefits to the remaining property against severance damages to Johnson’s home, caused by increased proximity to the highway right-of-way. Defendant Johnson also contends that the trial court erred in fixing the fee of his expert, Hab Monsur, Jr., at $750, rather than the $1400 charged Johnson; and in failing to award attorney’s fees.
Suit was filed by the Highway Department May 14, 1975, under the provisions of the Quick Taking Act, LSA-R.S. 48:441 through 48:460, as amended in 1974 to take effect January 1,1975. The particular statute governing this lawsuit is LSA-R.S. 48:453, in pertinent part, as follows:
$ $ * * ‡
*14 “B. The measure of damages, if any, to the defendant’s remaining property is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned.
“C. The owner shall be compensated to the full extent of his loss.
U* * * * * *
“E. Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court.”
Section C, above, is taken from Art. 1, § 4, of the Louisiana Constitution of 1974.
The value of the land and improvements taken was stipulated to be $20,202. The two appraisers for the highway department, A. Byron Core and Perry E. Futrell, Jr., initially estimated just compensation at $22,105, consisting of $18,305 for the land and improvements and $3,800 in damages. This amount was deposited by the Department of Highways in the registry of the court. The highest and best use of the strip of land taken is for highway commercial purposes. Prior to the taking, Johnson operated a service station and general store with liquor sales and a game room on the land. The strip taken comprises .546 of an acre, measuring 111.80 feet on the east, 101.06 feet on the west, 226.22 feet along the rear, and 228.50 feet along the front. The parent tract measured 511.50 feet on the east and 459.60 feet on the west and consisted of 2.485 acres. Johnson’s home, as a result of the taking, is now about ten feet, rather than approximately 114 feet, from the highway right-of-way. The testimony of Monsur, that this resulted in severance damages to the house of 70% of its $19,987 value or $13,994, was accepted by the trial court. Core appraised the before value of the house at $13,722 and Futrell at $13,818. Prior to the taking, the business and residence were separated by a fence, as well as the set-back of the house on what was, in effect, an adjoining lot. Monsur testified, on the basis of extensive real estate experience in the area, that Johnson’s only practical alternatives were to move the house or dismantle it.
The issues are:
1. whether the award for severance damages is manifestly erroneous;
2. whether the fixing of the expert witness fee of Hab Monsur, Jr. at $750 is an abuse of the trial court’s discretion; and
3. whether the trial court abused its discretion in failing to award defendant Johnson attorney fees.
I. The first issue is whether the award of severance damages is manifestly erroneous.
Appellant Johnson contends that the trial court erred in finding a benefit to the remainder of Johnson’s property and offsetting it against the severance damages to his residence.
The trial court concluded that the taking resulted in a benefit to some of Johnson’s property in that a portion of what was rear land is now front land, thus increasing its commercial value. This increase in value, calculated at $4,519.00, was deducted from severance damages of $13,994.00 to defendant’s home. A balance of $9,473.00 was awarded as severance damages. [The actual difference is $9,475.00, a minor mathematical error, which we disregard.]
Whereas the landowner formerly had a rectangular parcel of land with a service station and country store adjacent to the highway and a residence offset to the rear and side, with a fence separating the two, he now has his home virtually on the right-of-way. In addition, the residence prevents the use of the remaining property for highway commercial purposes, its highest and best use.
There is a logical contradiction in the conclusion that there is an increase in remainder value which must be offset against the decrease in value of the residence. The two are not inter-related, since use of the *15 residence prevents commercial development of the land in the rear, which has been elevated by the highway department’s appraisers to the status of front land.
The presence of the residence makes any increase in value of the former rear land a speculative benefit. Monsur pointed out that the house in its present location is an impediment to the highest and best use of Johnson’s new front land, being too close to the right-of-way for conversion to commercial use. If the house were moved 104 feet back, putting it in the same position relative to the highway as it was before the taking, it would be next to a Cleco generating sub-station. Monsur said the cost of moving the house would be prohibitive. Monsur testified at length that there were no special benefits to the Johnson property: Johnson has no more front land than he had before; and the highest and best use of his property has not changed. His residence, however, has been damaged, and its value has substantially decreased.
The trial court relied on State, Dept. of Highways v. M. G. Realty Co., Inc., 276 So.2d 918 (La.App. 3 Cir. 1973), which can be distinguished in many respects from the instant case. In ilí. G. Realty, the frame house left after the taking had been used only for service station storage and had no proven residential value. Here, Monsur testified that:
“ . . . . it is a very nice home. I’m sure that there are a lot nicer homes, but Mr. Johnson thinks it’s a nice home and he’s raised his family there. And that’s the only home he’s got. So he’s been severely damaged.” (TR. 186)
From analysis of State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972), we conclude that no special benefits to Johnson’s property, as distinguished from the general benefit to all in the neighborhood, have been proven by the Department of Highways in this instance. State, Department of Highways v. Stein, 301 So.2d 384 (La.App. 4 Cir. 1974). Any benefit which might accrue also remains speculative while Johnson’s residence remains as an impediment to commercial development. While the residence now lacks market value, it undoubtedly retains a personal value to Johnson. See Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295 (1942).
Nonetheless, the record shows no manifest error in the award of severance damages. Accepting Monsur’s estimate of a 70% decrease in the value of the residence and applying it to the before values of Core and Futrell, $13,722 and $13,818, respectively, results in severance estimates of $9,604 and $9,672. Therefore, the award of $9,473 is not manifestly erroneous.
II. The second issue is whether the trial court erred in setting the fee of Johnson’s appraiser, Monsur, at $750, stating that this was:
“In line with the recent trend in the jurisprudence,” (TR. 48)
As the trial court stated, the recent cases show many reductions in these fees. See State, Dept. of Highways v. United Pent. Ch. of Hodge, 313 So.2d 886 (La.App. 2 Cir. 1975), writ denied 318 So.2d 60; State, Department of Highways v. Shackelford, 331 So.2d 884 (La.App. 2 Cir. 1976); State, Department of Highways v. McDonald, 329 So.2d 898 (La.App. 2 Cir. 1976), writ refused; State, Department of Highways v. Kilpatrick, 327 So.2d 452 (La.App. 2 Cir. 1976), writ refused 330 So.2d 618 (La.); State, Dept. of Highways v. Oil Mark Corporation, 324 So.2d 606 (La.App. 2 Cir. 1975), writ refused.,
However, the fees awarded in each case must relate to the services performed by the appraisers in that case and not in some other.
It is appropriate to consider the fees of the Department’s appraisers in considering the amount to be awarded the landowner’s appraiser. (See the concurring and dissenting opinion by Miller, J., State, Dept. of Hwys. v. Ross Continental M. L., Inc., 315 So.2d 151 at 161 (La.App. 3 Cir. 1975), affirmed 328 So.2d 883 (La.1976). Core testified that his charge to the Highway Department would be approximately $1,462.50. (TR. 122) Futrell said he would charge the *16 Department about $1,250. (TR. 156) Mon-sur’s bill to defendant Johnson totals $1,400 (D-3).
However, the Department’s appraisers made two appraisals (see infra), first using the “average value method” and then the “front-land rear-land method” and the fact that their charges were approximately $1400 and $1200 does not justify the $1400 fee billed to the landowner by appraiser Monsur.
The trial court awarded Monsur a fee of $750 which is not inappropriate for his services. The trial court did not abuse its discretion in fixing this fee for the appraiser, Monsur.
III. The third issue is whether Johnson is entitled to attorney’s fees under LSA-R.S. 48:453 E., supra, which provides that such may be awarded when the amount deposited is less than the final award.
The amount deposited by the Department was $22,105; the award was $29,675; or a difference of $7,675.
The appraisers, Core and Futrell, admitted that the Department initially used the “average value method” of appraisal which has been rejected by the courts. The deposit was made in accordance with this discredited method and the landowner was required to obtain a lawyer and litigate the amount to which he is entitled. Only when the landowner contested its suit did the Department have a second appraisal made using the “front-land rear-land method”. Then it was stipulated that the second method was correct. This is precisely the type of situation contemplated by the legislature in the enactment of LSA-R.S. 48:453 E., quoted supra.
The Louisiana Constitution and the expropriation statutes require an appraisal, according to law, and a deposit of fair value at the time of taking. This is the basis for the enactment of LSA-R.S. 48:453 E., authorizing an award of attorney fees when the deposit is less than the compensation judicially determined.
The situation in the present appeal calls for an award of attorney fees. No award was made for an attorney’s fee because, the trial judge stated in written reasons, the Department’s erroneous appraisal was corrected prior to trial. (TR. 48). The fact that the appraisal was “corrected” after taking but prior to trial does not preclude the award but, on the contrary, militates for an award of attorney’s fees. The trial court abused its discretion in failing to award attorney’s fees. An allowance of $1500, which is slightly less than the 25% permissible under the statute, is a reasonable sum for the attorney’s services.
Therefore, it is ordered, adjudged and decreed that there be additional judgment in favor of Ray Johnson and against the State of Louisiana, Through the Department of Highways, in the amount of $1,500 as reasonable attorney’s fees.
In all other aspects, the judgment of the trial court is affirmed.
For the foregoing reasons, the judgment of the trial court herein is amended and affirmed at the cost of State of Louisiana, Through the Department of Highways.
AMENDED AND AFFIRMED.
DOMENGEAUX, J., concurs and assigns written reasons.
CULPEPPER, J., concurs in part and dissents in part and assigns written reason?.
HOOD, J., concurs in part and dissents in part for the reasons assigned by CULPEP-PER, J.