345 So.2d 533 (1977)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Louis EUBANKS, Defendant-Appellee.
No. 5850.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Rehearing Denied May 17, 1977.
*534 Johnie E. Branch, Jr., D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis by Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellant.
Thomas & Dunahoe by Gerard F. Thomas, Jr., Natchitoches, for defendant-appellee.
Before HOOD, FORET and HEARD, JJ.
FORET, Judge.
This is an appeal from a judgment of expropriation by the State of Louisiana, through the Department of Highways, of a tract of land owned by defendant, Louis Eubanks, in Leesville, Vernon Parish, Louisiana. The tract of land taken is 1.988 acres in area, and was expropriated pursuant to State Project Number 28-01-16, Federal Aid Project Number F-03-03 (002), which provided for the construction and improvement of a part of State Route La.U.S. 171 and La. 8 in Vernon Parish. From a judgment in which defendant-appellee Eubanks was awarded $50,528.00 ($15,781.00 for the land taken; $6,098.00 for the improvements taken, and $28,649.00 for severance damages), plaintiff-appellant, Highway Department, perfected this appeal and assigned the following as manifest errors of the trial court:
1. In permitting defendant-appellee by ex parte order to file an "amended answer" two (2) months after trial in order to increase his demand for severance damages and in ruling thereon;
2. In awarding $15,825.00 as severance damage to defendant-appellee's residence;
3. In awarding $12,824.00 as severance damage to defendant-appellee's remaining property.
Three of the awards of damages made by the trial court are not made an issue by plaintiff on appeal. These are the awards of $11,091.00 for front property taken, $4,690.00 for rear property taken, and $6,098.00 for improvements taken. These figures total $21,878.00. We would affirm the trial court on these awards.
With reference to the assignments of error by plaintiff-appellant, we will consider these in reverse order.

ISSUE OF SEVERANCE DAMAGE TO DEFENDANT-APPELLEE'S REMAINING PROPERTY FOR WHICH THE TRIAL COURT AWARDED $12,824.00.
In discussing this issue, we must consider whether or not any special benefits accrued to defendant-appellee's remaining property as a result of the taking. We have little difficulty in finding that special and peculiar benefits, as distinguished from general benefits, accrued to the remainder of defendant-appellee's property. Special benefits have been defined in our jurisprudence as:
". . . those affecting a particular estate by reason of its direct relationship to the improvements. If, as a result of constructing any new work, the remaining land or part of it is left fronting on a road or street, and the land fronting the road or street is more desirable and more valuable because of the frontage, the advantage thus gained is a special or peculiar benefit, and damages to the remaining property may be offset by such benefits."
Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654, at 660-661 (1941), and cases cited therein; LSA-R.S. 48:453; State Dept. of Highways v. Davidson, 319 So.2d 808 (La.App. 1 Cir. 1975); State Dept. of Highways v. Genest, 218 So.2d 114 (La. App. 3 Cir. 1968).
Percy Futrell, plaintiff-appellant's expert appraisal witness, testified that defendant's remaining property specifically benefited as a result of the taking. He pointed out that after the taking, the formerly open tract with no internal street frontage gained an additional 1700 feet of new highway frontage; that four corner lots were established, and that the rear portion of the subject property, originally best suited as residential *535 property thereafter became prime commercial property. We reproduce below and make a part hereof a sketch showing the property taken and the remaining property.

From the sketch it is obvious that the remaining 1.950 acre tract and the remaining 1.367 acre tract are situated between the proposed north-bound lane and proposed south-bound lane of La.-U.S. Highway 171, with a connecting link road separating the two said tracts, running between the north and south-bound lanes. It is obvious that these two tracts of land are situated in prime position for commercial usage, having *536 frontage on both north-bound and south-bound lanes, as well as on the connecting road. It is difficult for this court to comprehend how defendant-appellee's expert witness, a Mr. Stephens, could testify that the remaining property received no special benefit whatsoever from the taking.
We reproduce below a written report of plaintiff-appellant's expert witness, Percy Futrell, who, in our opinion, more correctly assessed the special benefits and arrived at a monetary value of these special benefits as amounting to $27,921.00 as shown in the sketch below:

 Louis Eubanks
 Parcel Ko. 8-2
 ESTIMATED VALUE AFTER THE TAKING
 LAND IMPROVEMENTS TOTAL
Whole property before the taking $65,158 $23,257 $ 88,415
Part Taken 9,983 6,158 16,141
 _______ _______ ________
Remainder of whole before the
taking $55,175 $17,009 $ 72,274
Estimated Value After The Taking:
Southeast Remainder;
Front Use Tract;
Effectively 260' × 175' =
45,500 or 1.05 acre
@ $25,000 per acre = $26,250
West Approx. ½ of
Southeast Remainder
0.9 ac. @ 10,000 per
acre = $ 9.000
Northeast Remainder;
1.367 acres @ $20,000
per acre = $27,340
West Remainder:
9.37 acres @ $3,000
per acre = $28,110
 _______
Total est. remaining land value $90,700
Improvements; 9,475 100,195
 _______. _______ _______
Difference + $35,525 - $ 7,604 + $ 27,921
Indicated Benefit: $27,921

This Court having reached the conclusion that it is more probable than not that Futrell is correct in his appraisal of the special benefits accruing to the remaining property after the taking, we find that the special benefits offset by a large margin the severance damage granted by the trial court, and accordingly we disallow the award for severance damages to the remaining property granted by the trial court.

SEVERANCE DAMAGE AWARDED BY TRIAL COURT FOR DEFENDANT-APPELLEE'S RESIDENCE.
The trial court awarded the amount of $15,825.00 for severance damage to defendant-appellee's residence, which, after the taking, would be approximately twelve (12') feet from the highway right-of-way. Plaintiff-appellant's expert, Futrell, testified *537 that the house had been damaged to the tune of $6,330.00, representing 40% of the depreciated value of the residence which was estimated at $15,825.00. Stephens, testifying on behalf of defendant-appellee, estimated the depreciated value of the house to be $18,592.00, and that it had a 45% diminution in value and therefore had been damaged in the amount of $8,366.00. It is noteworthy, however, that both Stephens and Futrell testified that the house was uninhabitable as a residence because of its close proximity to the highway. We agree with that testimony, and therefore conclude that the house has no value as a dwelling or a residence, at its present location, as a result of the taking and that the owner is entitled to be compensated for his residence on that basis.
We are aware of the two cases cited by plaintiff-appellant for the proposition that a trial court may not substitute its opinion for that of the experts who testified at the trial. State Department of Highways v. Thurman, 231 So.2d 692 (La.App. 1 Cir. 1970), and State Department of Highways v. Moresi, 189 So.2d 292 (La.App. 3 Cir. 1966). We feel bound to follow those cases, and find that the trial court committed manifest error by awarding the amount of $15,825.00 for severance damage to defendant-appellee's residence. According to the testimony of the experts, the highest amount that the trial court could have awarded was $8,366.00, accepting the testimony of expert Stephens. Accordingly, we will reduce the award of the trial court, with reference to the residence, to $8,366.00.
Having reached the above conclusion, we find that we do not need to address ourselves to an enlargement of the pleadings by the filing of a supplemental and amended answer by defendant-appellee. His original answer prayed for "severance damage to remaining property . . . $18,124.00". We find that this allegation by defendant-appellee is sufficiently broad to encompass the damage to his residence, and the amount awarded is within that for which defendant prayed.
One issue remains, and that is whether the general rule with regard to the offsetting of severance damages by any special benefits accruing to the remaining property should apply in a case where the remaining property damaged is a dwelling or other similar improvement situated on the remaining property. We stated in State, Through the Department of Highways v. Johnson, 341 So.2d 12 (La.App. 3 Cir. 1976), that we would not offset an increase in the remainder value against the decrease in value of the residence since the two were not inter-related, and since continued use of the residence affects the commercial development of the property in the rear. In this case the continued use or presence of the residence would interfere with the use of the 1.950 acre tract for commercial purposes, thereby depriving that particular tract of much of its special benefits accrued as a result of the taking. For that reason, we distinguish Grey, Davidson, and Genest, supra.
For the foregoing reasons, the judgment of the trial court is amended to disallow its award of $19,154.00 for severance damage to defendant-appellee's remaining property; in all other respects the trial court's judgment is affirmed.
Costs of this appeal are assessed equally between plaintiff and defendant.
AMENDED AND AFFIRMED.

On Application for Rehearing
PER CURIAM.
In its application for rehearing, plaintiff-appellant, State of Louisiana, Through the Department of Highways, points out that our decision contains an error in the computation of the severance damage due appellee. Plaintiff-appellant points out that under the findings and reasoning of our decision, the amount of the trial court award which we disallowed should have been $20,283.00 instead of $19,154.00.
*538 We agree with plaintiff-appellant, but the rehearing will be denied. It is well settled that appellate courts have the power to correct their judgments, and the granting of a rehearing to do so is not necessary. State v. F. B. Williams Cypress Co., 132 La. 949, 61 So. 988 (1913); Levy v. Cappel, 39 So.2d 128 (La.App.1949); International Paper Co. v. Rivers, 35 So.2d 677 (La.App. 1948); Sheffield v. Jefferson Parish Developers, 38 So.2d 541 (La.App.1949). See also, comment (d) under Article 1951, LSA-CCP.
Accordingly, our former decree is amended, and we disallow $20,283.00 of the judgment of the trial court which it had awarded for severance damage to defendant-appellee's remaining property.
In all other respects our original decree is affirmed.