HALL, Judge.
The State of Louisiana, Department of Highways, expropriated a .195 acre tract out of a .495 acre triangular tract of land owned by defendants located at the intersection of the Floumoy-Lucas and Woolworth Roads in Caddo Parish. The Department deposited $1,365.00 as the value of the property taken and nothing for severance damages. Defendants answered, claiming $4,247.00 as the value of the property taken and $4,900.00 for severance damages.
After trial, the district court found the value of the property was $7,000.00 per acre based on a highest and best use for industrial purposes, as testified to by the Department’s appraisers, and awarded $1,365.00 for the .195 acre tract taken. The court further found the remaining .3 acre tract had no value and awarded severance damages based on $7,000 per acre, or $2,100, for a total award of $3,465.00. The court also awarded $500 as attorney’s fees and $400 as an expert witness fee for the defendants’ appraiser.
The Department appealed, specifying that the trial court erred: (1) in awarding 100% severance damages although none of the experts testified the remaining property was worthless; (2) in awarding $500 attorney’s fees because defendants did not prove their claim; and (3) in awarding $400 expert witness fee because defendants’ appraisers did not aid the court in resolving the ease. Defendants argue the trial court was correct in its award of severance damages. Alternatively, defendants argue that even if the award of severance damages was excessive, the total judgment for just compensation should be affirmed because the trial court’s finding of value was too low.
The district court’s finding that the property’s highest and best use was industrial and that its value was $7,000 per acre is amply supported by the evidence. The opinions of the plaintiff’s appraisers to this effect were persuasive and well documented by data as to neighborhood characteristics, population in the area, comparable sales, and the like. The opinion of the defendants’ appraiser that the highest and best use of the property was commercial *157 and that its value was fifty cents per square foot was not supported by comparable sales in the area or other data. We affirm the trial court’s finding of before-taking value for the reasons expressed in more detail in the court’s written reasons for judgment.
The trial court erred, however, in awarding severance damages based on a 100% diminution in the after-taking value of the remaining property. A trial court may not substitute its opinion for that of experts who testified at the trial. State Department of Highways v. Eubanks, 345 So.2d 533 (La.App. 3d Cir. 1977). Neither the Department’s appraisers nor the defendants’ appraiser expressed the opinion that the remainder was worthless. The Department’s appraisers were of the opinion the remainder retained its before-taking value and the defendants’ appraiser was of the opinion there was a 75% diminution in value. All appraisers were of the opinion the remainder could be used for some limited industrial or commercial purposes, such as for billboard advertising. It does not appear, as argued by defendants, that use of this property in an industrial area for advertising purposes would be prohibited by LSA-R.S. 48:461 et seq.
It is only reasonable that the remaining property, of very small size, irregularly shaped, with reduced road frontage, and with reduced potential usages, has substantially less value after the taking than before the taking. The 75% diminution estimate of defendants’ appraiser seems reasonable.
Based on 75% of the before-taking value of $7,000 per acre, severance damages to the .3 acre remainder are $1,575 rather than $2,100 as fixed by the trial court, amounting to a reduction in the award of $525.00.
The amount of compensation deposited in the registry of the court is less than the amount of compensation awarded by the judgment as amended and reduced herein. Reasonable attorney fees may be awarded, but cannot exceed 25% of the difference between the award ($2,940) and the amount deposited ($1,365). LSA-R.S. 48:453 E. The award of attorney’s fees is reduced from $500 to $393.75, which is 25% of the difference of $1,575.00.
The $400 award for the fee of defendants’ expert witness is well within the trial court’s discretion, even though the opinion of the appraiser was accorded little weight in the ultimate resolution of the case.
For the reasons assigned, the judgment of the district court is amended to reduce the amount awarded to the defendants from $3,465 to $2,940 and to reduce the award of attorney’s fees from $500 to $393.75, and as amended is affirmed at appellant’s costs.
AMENDED AND AFFIRMED.