KNOLL, Judge.
The State of Louisiana, through the Department of Transportation and Development (DOTD) expropriated 7,514 square feet of property belonging to Jerry E. Rushing and his wife, defendants herein, pursuant to the provisions of LSA-R.S. 48:441, et seq. The trial court’s total award to the Rushings was $61,549.30. DOTD appeals, contending the trial court erred in granting an excessive award and in valuing the property as both commercial and residential. We affirm.
FACTS
The Rushings are owners of a tract of land that fronts on U.S. 165 North in Rap-ides Parish that originally contained 19,757 square feet. On September 3, 1982, DOTD expropriated 7,514 square feet leaving 12,-243 square feet. The property contained improvements consisting of a three bedroom brick home which was leased for $400 per month plus utilities. Prior to the taking the home was 99 feet from the highway; now it is 19 feet from the highway. The property was reduced in size from almost half an acre down to a quarter of an acre. The DOTD deposited $25,656 in the registry of the court. The Rushings filed a reconventional demand seeking $90,000. The DOTD’s expert appraiser, Mr. Darrel *211 V. Willet, valued the property taken and the severance damage to the remainder at $28,641. The Rushings’ expert appraiser, Mr. William S. McCampbell, valued the property taken and the severance damage to the remainder at $46,455. The trial court awarded $61,549.30 and pursuant to LSA-R.S. 48:453 (E) .granted plaintiffs attorney’s fees.
DAMAGES FOR EXPROPRIATION
DOTD contends that the trial court erred in valuing property taken and in awarding severance damages in excess of any testimony or evidence submitted at trial. DOTD argues that the trial court award should not have exceeded the expert appraisals.
Property cannot be taken or damaged by the State or its political subdivision except for public purposes and with just compensation paid to the owner or into the court for his benefit. La. Const. 1974, Art. I, Section 4. Opinions as to the value expressed by experts are not binding on the trier of fact since they are ordinarily not conclusive and generally regarded as advisory in character. The purpose of such opinions is to assist the court in its efforts to determine the ultimate facts. State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972);' State, Department of Transportation, v. Van Willett, 386 So.2d 1023 (La.App. 3rd Cir.1980), writ denied, 392 So.2d 692 (La.1980). A trial court may not, however, substitute its findings for that of experts who testified at trial when such testimony is well grounded from the standpoint of good reasoning. State, Department of Highways v. Eubanks, 345 So.2d 533 (La.App. 3rd Cir.1977).
Severance damages describes those compensable damages which flow from the partial expropriation of a tract of land, i.e., the difference between the value of the remaining property before and after the taking. State, Department of Transportation and Development v. Chaisson, 477 So.2d 115 (La.App. 1st Cir.1985).
It is well settled in expropriation suits that much discretion is granted to the trial court in the evaluation of and weight to be given to the testimony of each expert witness. Van Willett, supra. The landowner has the burden of proving severance damages with legal certainty by a preponderance of the evidence. Chaisson, supra. The trier of fact’s factual findings as to severance damages and his ¿valuation of, and the weight he gives to, the testimony of expert witnesses will not be disturbed on review absent a showing of manifest error. Chaisson, supra.
With these principles in mind we now address the damages awarded by the trial court. The trial judge handed down well considered written reasons for judgment which clearly reflect that he relied upon the expert appraisers for assistance in determining the damages. The trial court accepted both appraiser’s opinion that the highest and best use of the property is commercial. The trial court accepted Mr. Willet’s value of the property at $1.50 per square foot. There was very little difference in the value placed on the improvements by the two appraisers; each valued the improvements (house, yard, shrubs, trees, septic system, driveway, etc.) at a little over $50,000. Therefore, the trial court valued the improvements at $50,000.
The greatest discrepancy between the two appraisers was on the issue of severance damages. Mr. McCampbell appraised the severance damages at 70% and Mr. Willet appraised the severance damages at 43%. The trial court accepted Mr. McCampbell’s appraisal of 70%. In arriving at this determination the trial judge stated:
“It goes without saying that the remainder of the subject property was damaged as a result of this taking. Not only has it been reduced in size from almost a half an acre down to a quarter of an acre, but the front door is just 19 feet from the highway right of way. [sic]
The proximity of the home to the highway right of way has resulted in a serious loss of privacy and an increase in traffic noise and fumes. The serious re-
*212 duction in size has produced an undesirable tract of land that is too small for a home or commercial establishment. I therefore agree with Mr. McCampbell’s conclusion that the remainder has suffered a 70% diminution in value as a result of the taking.”
The trial court’s final values were as follows:
Land, 19,757 square feet at $1.50 per square foot $29,636.00
Landscaping 284.00
Gravel Areas 320.00
Septic System 2,000.00
House 50,000.00
TOTAL VALUE BEFORE $82,240.00
VALUE TAKEN
Land, 7,514 square feet at $1.50 per square foot $11,271.00
Septic System 2,000.00
TOTAL VALUE TAKEN $13,271.00
REMAINING VALUE
(Value before minus value taken) $68,969.00
DAMAGE TO REMAINDER (70% of remaining value) $48,278.00
FINAL ESTIMATE OF VALUE $61,549.30
LESS DEPOSIT -25,656.00
NET DUE LANDOWNERS $35,893.30
After carefully reviewing the record and each appraisal report, we cannot say the trial court abused its wide discretion. It can hardly be argued that a decrease from 99 feet to 19 feet from a highway right-of-way does not produce seriously damaging effects for which the Rushings should receive just compensation.
DOTD argues that the trial court’s total award exceeds the amount of both appraisers, therefore, this was reversible error. We disagree. The trial court selected from both appraisal reports in arriving at the various values. The severance damages increased the award substantially. It was within the sound discretion of the trial court to give more weight to Mr. McCamp-bell’s opinion on severance damages than Mr. Willet’s opinion. It was not error for the trial court to accept one expert’s opinion to the total exclusion of another. The trier of fact may accept and give greater weight to those portions of testimony of each witness which in its opinion are more reasonable and logical. State, Through Department of Highways v. New Orleans Terminal Co., 319 So.2d 568 (La.App. 4th Cir.1975). A trier of fact does not have to accept in toto the testimony of any one witness or group of witnesses. New Orleans Terminal Co., supra. Therefore, in arriving at the amount of damages to be awarded it is clear that the trial court could select from each appraisal report.
DOTD further argues that the Rushings failed to prove severance damages by a preponderance of the evidence. We disagree. Although there was very little testimonial evidence in the record, the case was basically submitted on the strength of the two appraisal reports introduced into evidence. Both reports are lengthy, detailed and documented, containing several photographs showing the property before and after the taking. We find the reports alone contained sufficient evidence for the trial court to make a determination in this case, therefore, the Rushings did meet their burden of proof.
Lastly, DOTD argues that the trial court erred in valuing property as both commercial and residential in determining severance damages. The photographs in the appraisal reports show a fast food store and a gas station adjacent to the property and commercial establishments across the highway. Mr. Willet valued all of the improvements at $50,634; Mr. McCampbell placed a value of $50,137.50 on the improvements. Although the trial court determined the highest and best use for the property was commercial, it was not error to justly compensate the Rush-ings for the depreciation to the improvements that the taking caused. Both appraisers took the improvements into consideration. Under the circumstances of this case, it would have been unconscionable not to include the improvements in justly compensating the Rushings for the taking.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to DOTD.
AFFIRMED.