322 So.2d 276 (1975)
STATE of Louisiana, DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Margaret Hammons COBLENTZ, Defendant-Appellee.
No. 12737.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1975.
Robert L. LeDoux, Bernard Malone, Jr., D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, John F. Sorli, Johnie E. Branch, Jr., Baton Rouge, Jack C. Fruge, Sr., Ville Platte, for plaintiff-appellant.
Holloway, Baker, Culpepper & Brunson by Herman Castete, Jonesboro, for defendant-appellee.
Before PRICE, DENNIS and MARVIN, JJ.
PRICE, Judge.
This is an appeal by the State of Louisiana, through the Department of Highways from the judgments rendered by the trial court increasing the amounts deposited as just compensation due the owners of three adjacent properties from which the State expropriated additional right-of-way in connection with the widening of State *277 Route No. 4 in Jackson Parish. The defendants have answered the appeal, asking for an increase in the amount awarded as just compensation and for damages for an alleged frivolous appeal. Although the cases were not formally consolidated for trial they were in fact tried together as the same appraisers for both the State and defendants were called to testify in all three cases.
For convenience we shall review the issues of all three cases in this opinion.
In the suit styled State of Louisiana, through the Department of Highways v. Margaret Hammons Coblentz, No. 12,737 on the docket of this court, the State expropriated 12,546 square feet from a residential tract of 2.8 acres belonging to Margaret Coblentz fronting on the southeast side of State Route 4 approximately two miles southwest of Jonesboro. In the suit styled State of Louisiana, through Department of Highways v. Hammons et ux, La. App., 322 So.2d 280, the State expropriated 9,100 square feet from the residential tract owned by Hammons containing 2.6 acres and lying adjacent to the south line of the Coblentz tract.
In State of Louisiana, through Department of Highways v. Hammons et al., La. App., 322 So.2d 279, the State expropriated 14,670 square feet from a 1.26 acre tract owned jointly by Reubin Hammons and his sister, Margaret Coblentz. This tract joins the Coblentz residence on the northeast side and is an undeveloped plot of ground.
The principal issue presented for resolution on the appeal is the correctness of the trial court's award for the value of the land taken and whether the expert witness fees as fixed by the trial court were excessive. No severance damages were claimed by the defendant. The damages claimed by defendants for a frivolous appeal are without merit in view of our modification of the judgment to reduce expert witnesses fees for reasons given in the following portions of this opinion.
Glen N. Cope and Maurice J. Chappuis, both real estate appraisers of Lafayette, made the necessary appraisal of just compensation for the State in accord with the expropriation statute and testified on trial of the merits as to the basis used in arriving at their estimate of market value. They found the three tracts to have a highest and best use as residential property. The Hammons and Coblentz tracts are presently being used for this purpose and have residences constructed thereon. The lots are substantially rectangular in shape with considerable depth and a reasonable frontage on the roadway. The homes are situated over 125 feet from the right-of-way and the taking of the narrow strip across the frontage of each tract did not affect the value of the remainder.
Using the market date and comparison approach, Cope and Chappuis found the fair market value of the three tracts on the date of taking to be as follows:
COBLENTZ TRACT:
(Using $2,537 per acre, or 5 cents per square foot for 12,546 feet taken) Estimated value$520. $70 for gravel driveway taken.
HAMMONS TRACT:
(Using $2,600 per acre, or 5.7 cents per square foot for 9,100 feet taken) Estimated value$286, together with $70 for gravel driveway.
JOINTLY OWNED TRACT:
(Using $1,600 an acre, or 2.9 cents per square foot for 14,670 feet taken) Estimated value$416.
The primary witnesses relied on by the landowners were H. L. Bass, a real estate appraiser of Jonesboro, and O. L. Jordan, a real estate appraiser of Shreveport. These two appraisers used the same general approach as the State experts but gave special consideration to the fact that a portion of the front lawn of the Coblentz and Hammons tracts was being taken which *278 had a higher value than the rear portion of these properties because of trees, shrubs and lawn improvements. Bass found the land taken from the Coblentz tract to have a square foot value of 35 cents, or a total of $3,354.12. The part taken of the Hammons tract he valued at 40 cents per square foot for $3,640. The undeveloped jointly owned tract he found to have a value of 20 cents per square foot and a total value of the part taken of $2,934.
Jordan first determined the raw land value for residential property in the vicinity of the subject tracts. On the market data-comparison method he found this to be 20 cents per square foot. He then made adjustments for clearing, topography, sodding and landscaping to arrive at his estimate of market value of the two subject properties which had been developed as homesites. He found the part of the Coblentz property taken to have a value of $2,718 for land and $305 for accessory improvements, or a total of $3,256. The value of the property taken from the Hammons tract was estimated to be $2,275 for land and $960 for driveway improvements. The portion taken of the unimproved tract owned joinly by Hammons and Coblentz was valued at the base unit price of 20 cents per square foot for a total of $2,950.
In addition to these appraisers the landowner called John R. Walker, a real estate appraiser from Shreveport, who was engaged to appraise the property the day before trial began. Using the market data procured by Bass and Jordan, he confirmed the method utilized by these appraisers in evaluating the two tracts which had been developed for residential purposes. His estimates of value were substantially in line with those of Jordan.
On this appeal the State contends the landowners' appraisers selected and utilized market data which was not as truly comparable as those sales relied on by Cope and Chappuis, and therefore the trial judge's award which obviously relied on the landowners' experts' opinions should be reduced.
From our examination of the record it appears that the transactions selected by the landowners' appraisers were sufficiently analogous to the subject properties to justify their reliance on them as comparable sales to determine market value. Their testimony reflects that proper adjustment was made for any superior advantages of the comparables used to the property being appraised. The sales mostly relied on were of residential properties in the Forest Acres Subdivision, which is closer to the corporate limits of Jonesboro than the properties involved. Although that subdivision has building restrictions, available sewerage and fire protection from the city which the subject properties do not have, Bass and Jordan testified there has been a greater demand for the somewhat larger suburban tracts on improved roads in the outlying areas near Jonesboro which are not restricted and permit a more versatile usage by the owner. Jordan testified he examined the entire area of Highway 4 between the subject properties and Jonesboro to determine if the absence of building restrictions had resulted in any undesirable uses which would have affected property values in this vicinity and found no adverse conditions.
The court fixed the value of the part of the Coblentz tract taken at 25 cents a square foot for a total of $3,136. For the part taken of the Hammons tract the court awarded 30 cents per square foot for a total of $2,730, together with $150 for driveway improvements. An award of 20 cents per square foot was made for the taking from the tract owned jointly by Hammons and Coblentz for a total of $2,934.
From our review of the record we find this factual finding of the trial judge is reasonably supported by the evidence and should not be disturbed in the absence of manifest error. See State, through Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972).

*279 EXPERT WITNESS FEES
In his reasons for judgment the trial judge ordered the expert witness fees of the landowners' witnesses fixed in accord with their bill for services to the landowner and taxed them as costs against the State. On this appeal the State contends that the awards made are excessive and should be reduced.
The trial court awarded the following fees in connection with the Coblentz and Hammons residential tracts:

O. L. Jordan $950
H. L. Bass $800
John Walker $575
Lavelle Nunn $199.25
Richard Crawford $183.33

In the expropriation of the undeveloped tract owned jointly the fees were fixed as follows:

O. L. Jordan $800
H. L. Bass $650
John Walker $575
Lavelle Nunn $170.70
Richard Crawford $183.34

In the recent cases of State, through Department of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886 (La. App. 2nd Cir. 1975); State, through Department of Highways v. Whitman, 313 So.2d 918 (La.App. 2nd Cir. 1975), and State, through Department of Highways v. Bounds, 319 So.2d 549, (La.App. 2nd Cir. 1975) the court considered the question of expert witnesses fees involving most of the witnesses testifying in the instant in similar expropriation proceedings in Jackson Parish. In those decisions we found it necessary to reduce the fees awarded based on sufficient evidence in the record to justify the reasonableness of the amount fixed. The record in these cases would indicate the fees involved herein are excessive in accord with the reasons advanced in the above cited cases. We therefore fix the fees of defendant's expert witnesses in each of the cases being appealed as follows:

O. L. Jordan $650
H. L. Bass $650
John Walker $450
Richard Crawford $125

The fee of Lavelle Nunn is disallowed as there is no authority for taxing the costs of photographs against the expropriating authority. State, through Department of Highways v. United Pentecostal Church of Hodge, supra.
For the foregoing reasons the judgment appealed from is amended to fix the fees of the expert witnesses as set forth above, and as amended is affirmed.
DENNIS, J., concurs and assigns reasons.
DENNIS, Judge (concurring):
I concur for the reasons assigned in State of Louisiana, Department of Highways v. DeJean, La.App., 322 So.2d 265, decided this day.