HALL, Judge.
In this expropriation proceeding arising out of the widening and improving of Highway 4 near Jonesboro, the State of Louisiana, Department of Highways, appeals from a judgment of the district court awarding the defendant landowner a total of $29,543.70 as just compensation for the taking of strips of land off the front of three separate parcels of land owned by defendant.
On appeal, plaintiff specifies the trial court erred (1) in its computation of the amount of land taken; (2) in the value it placed on the land taken; (3) in allowing compensation for trees and shrubs as a separate item apart from the land taken; (4) in allowing severance damages in connection with two of the parcels of land; and (5) in awarding excessive expert witness fees for defendant’s appraisers and in awarding any expert witness fee for defendant’s photographer.

Amount of Land Taken

The three strips of land expropriated are variously described as being all that portion of defendant’s property lying within approximately 50 to 60 feet to the northerly side of the center line of existing Highway 4, “exclusive of the existing right-of-way- of Route La. 4.” The Highway Department surveyor attempted to establish the right-of-way line generally along the outer edge of a ditch adjacent to the highway. Defendant contends the Highway Department right-of-way extends only to the edge of the existing pavement and the trial court so held. There is no deed or right-of-way in favor of the Highway Department of record.
The Highway Department’s pleadings, in effect, allege and concede defendant’s title to the property north of the center line of the highway, exclusive of the right-of-way itself. The Department seeks to expropriate full ownership of defendant’s property. The Department has not established any ownership or rights over defendant’s property beyond the existing pavement which would preclude recovery by defendant of just compensation therefor. The trial court correctly calculated the amount of land taken as being that portion of defendant’s land lying between the edge of the pavement and the outer limits of the required new right-of-way. See State, Department of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886 (La.App.2d Cir. 1975) writ denied 318 So.2d 60; and State, Department of Highways v. Whitman, 313 So.2d 918 (La.App.2d Cir. 1975) writ denied 319 So.2d 443.

Value of Land Taken

Parcel No. 8-4

Parcel No. 8-4 expropriated by the Department is a strip of land between 63 and 83 feet in depth and fronting 368 feet on Highway 4, containing 21,173 square feet. It is part of a 10-acre tract owned by defendant on which is located a residence, carpentry shop, covered minnow tank, concrete slab and pump island, and driveways. *887 A bait stand and service station was formerly operated on the property but was not in operation at the time of the taking.
The parcel is located on the north side of Highway 4 about 2 or 3 miles southwest of Jonesboro. The area is rural, with numerous residences and several commercial establishments located along the highway.
All of the appraisers used the market data approach to value, relying on so-called comparable sales. The appraisers found no recent sales along Highway 4 in this vicinity. Sales of commercial property relied on were mostly in or near downtown Jones-boro. Sales of residential property relied on were mostly in a subdivision a considerable distance off the highway. All appraisers conceded the so-called compara-bles were not very comparable and made substantial adjustments in an effort to establish the value of the subject property. The trial judge noted, and we agree, that the comparables were of little assistance.
The State’s appraisers, Maurice J. Chap-puis and Gene N. Cope, valued the land at $.05-$.06 per square foot, based on a valuation of $2,400-$2,500 per acre. They found the highest and best use of the property to be either residential or commercial. Both were of the opinion there was no difference in market value between residential use and commercial use in this rural area.
The defendant’s appraisers, H. L. Bass, O. L. Jordan and John Walker, based their evaluations on a highest and best use of one-half as commercial and one-half as residential. All valued the residential half at $.25 per square foot, and the commercial half at $.60, $.50 and $.60 per square foot respectively.
The trial judge accepted the highest and best use as being residential for half and commercial for half and fixed the values at $.20 and $.40 per square foot, or a total award for land taken of $6,351.90.
The evidence does not support a finding of a significant or substantial difference in value between residential and commercial property in this rural area. Lack of recent commercial development or sales, and the fact there are only 6-10 commercial establishments along an approximate 8-mile stretch of Highway 4, weigh against a significantly higher desirability or value of property for commercial purposes.
We affirm the $.20 per square foot value fixed by the trial court for the residential portion of this property and find that $.25 per square foot adequately reflects the small additional value of the commercial portion, or an average value for this parcel of $.22.5 per square foot. The amount awarded for the value of the land taken will be reduced to $4,763.93.
It is to be noted that the value fixed is consistent with the values fixed in State, Department of Highways v. Coblentz, 322 So.2d 276 (La.App.2d Cir. 1975) and State, Department of Highways v. Hammons, 322 So.2d 279 (La.App.2d Cir. 1975), in which three tracts along Highway 4 were valued at $.20, $.25 and $.30 per square foot respectively.

Parcel No. 9-7

Parcel No. 9-7 is a strip of land between 41 and 47 feet in depth and fronting 249.3 feet on Highway 4, containing 9,498 square feet. It is a part of a 1.43-acre tract owned by defendant, on which is located a single-family residence, a metal garage building, and a mobile home. This parcel is located within a mile of Parcel No. 8-4, discussed above, and the general characteristics of the area are the same. The State’s appraisers classified the property as residential or commercial and defendant’s appraisers classified it as residential.
The State’s appraisers valued the land taken at $.05-$.06 per square foot. The defendant’s appraisers valued it at $.25 per square foot. The district court fixed the value at $.20 per square foot. The evi *888 dence supports the decision of the trial judge.

Parcel No. 10-2

Parcel No. 10-2 is a strip approximately 54 feet in depth fronting 446 feet on Highway 4, with a flare at the eastern end for sight clearance fronting 171 feet on a secondary parish road, containing 21,010 square feet. It is a part of an irregularly shaped tract containing .879 acres, situated at the corner of Highway 4 and the Dave Duck Road and in the same general area as the two parcels discussed above. At the time of the taking there were no improvements on the tract, which was planted in pine trees. The State’s appraisers classified the highest and best use of the property as commercial or residential and two of defendant’s appraisers classified it as commercial. Defendant’s other appraiser classified it as partly commercial and partly residential.
The State’s appraisers valued the property at $.05-$.06 per square foot. Two of defendant’s appraisers valued it at $.75 and $.65 per square foot respectively, for commercial purposes. Defendant’s other appraiser valued it at $.25 per square foot residential and $.80 per square foot commercial. The trial judge fixed the value at $.60 per square foot.
Based on our finding of only a slight difference in value between residential and commercial property in the area, but giving some additional value to the corner location, we reduce the award for the land taken to $.35 per square foot or a total of $7,353.50.

Award for Trees and Shrubs

Located on Parcel No. 8-4 were 9 large, bearing pecan trees which added aesthetic, shading and screening value to the residential property. Located on Parcel No. 9-7 were 2 such trees. The trial court awarded $1,500 for the 9 pecan trees on Parcel No. 8-4 and $100 for other trees on that parcel. It awarded $800 for the pecan trees on Parcel No. 9-7.
The Highway Department attacks the award of the value of the trees separate and distinct from the value of the land, citing State of Louisiana Through Department of Highways v. Glassell, 226 La. 988, 77 So.2d 881 (1955). In Glassell, the court held it was error to make a separate award for native pecan trees growing indiscriminately on a large tract of land through which a strip of land was expropriated for highway purposes.
Glassell is not applicable to the instant situation where trees have been planted on residential property for aesthetic, shading and screening purposes. More closely in point is State, Department of Highways v. Moresi, 189 So.2d 292 (La.App.3d Cir. 1966), in which the loss of five large shade trees was considered as an item of severance damages. Although no separate and distinct amount was fixed for the shade trees, their loss was taken into account in arriving at the amount of damages to the remaining residential property.
All of the appraisers in this case attributed some value to the pecan trees and some loss or damage to the landowner by reason of their taking. The appraisers included some figures related to the trees either in their estimates of value or as separate items in the nature of improvements taken.
The trees had no particular value separate from the residential property on which they were located. They enhanced the value of the property as a whole. Their loss detracts from or diminishes the value of the remaining property. Their loss is, as stated in Moresi, an item of severance damage to be taken into account in establishing the before and after value of the remaining property. The remaining property is worth less after the taking than before because of the loss of the shade trees.
*889 In connection with Parcel No. 8-4, no other elements of severance damage were claimed or awarded. Estimates of the appraisers related to the pecan trees ranged from $300 to $1,500. The trial judge fixed an amount of $1,500, which we view to be somewhat excessive. We award as severance damages to Parcel No. 8-4 the sum of $1,000 for the reduction in value of the remainder caused by the taking of the pecan trees. This award is in lieu of the $1,500 and $100 awards by the trial court for pecan and other trees.

Severance Damages

Estimates of severance damages to Parcel No. 9-7 ranged from zero by the State’s appraisers to $3,000, $3,000 and $2,406 by defendant’s appraisers. The principal element of severance damages claimed by defendant is that the new right-of-way line will be only 15 feet from the front porch of the residence located on this parcel, reducing its desirability and value for residential purposes. The State counters that although the right-of-way line will be closer to the residence, the actual construction line will be only a few feet closer than the present traveled portion of the highway, without adverse affect on value.
The trial court fixed severance damages to this parcel at $2,000. While this court agrees that the value of the remainder will be diminished to some extent by reason of the right-of-way line coming within 15 feet of the old residence on the property, we believe the figure of $2,000 to be excessive. However, taking into account the diminished value of the remainder caused by loss of the pecan trees, it is our opinion that total severance damages, or reduction in value of the remainder, amounts to $2,000. The award of $2,000 for severance damages is affirmed and the separate award of $800 for the pecan trees will be eliminated from the judgment.
As to Parcel No. 10-2, the trial court awarded $2,504.20 based on a finding that the remainder of 25,402 square feet had a before value of $.60 per square foot and an after value of $.50 per square foot. Estimates of severance damages by the appraisers ranged from zero by the State’s appraisers to $5,389, $6,600 and $3,823.30 by defendant’s appraisers. The evidence justifies a finding of severance damages by reason of reduction in remaining depth of an already irregular shaped tract of land.
This court, in an earlier section of this opinion, fixed the before value of the property at $.35 per square foot. We agree with the trial court’s percentage of reduction in value, that is, 1/6 or 16.6%. Applying this percentage to the before value of $8,890.70 gives $1,475.85 severance damages. The judgment will be amended to reflect this reduction in the award for severance damages.

Expert Witness Fees

The district court awarded expert witness fees in the amounts of the statements submitted by the witnesses as follows:
Lavelle Nunn $ 453.60
John Walker 1,950.00
O. L. Jordan 1,950.00
H. L. Bass 2,100.00
Richard Crawford 450,00
Total.$6,903.60
This court has considered expert witness fees for this same project, and other projects in the Jonesboro area, several times in recent months and found those awarded to be excessive. See State, Department of Highways v. United Pentecostal Church of Hodge, supra; State, Department of Highways v. Whitman, supra; State, Department of Highways v. Coblentz, supra; and State, Department of Highways v. Kilpatrick, 327 So.2d 452 (La.App.2d Cir. 1976).
Considering the cited cases, the value of the property taken and severance *890 damages awarded, and recognizing that there were three parcels involved in this case, but each parcel involving substantially the same preparatory work, we disallow the fee awarded the photographer, Lavelle Nunn; affirm the fee awarded for the surveyor, Richard Crawford; and reduce the expert witnesses fees for the appraisers to the following amounts :
John Walker $1,200
O. L. Jordan $1,200
H. L. Bass $1,200

Summary and Decree

The trial court awarded defendant $29,543.70, subject to a credit of $3,506 deposited by plaintiff, the judgment being for the balance of $26,037.70. The net reduction in the award made by this court amounts to $9,304.82.
Accordingly, for the reasons assigned, the judgment of the district court is amended to reduce the amount awarded defendant from $26,037.70 to $16,732.88, and to amend the award for expert witness fees as set forth above. As amended, the judgment is affirmed.
Amended, and as amended, affirmed.