332 So.2d 922 (1976)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
I. J. ALLEN et al., Defendants-Appellees.
No. 12901.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Robert L. LeDoux, Johnie E. Branch, Jr., Baton Rouge, Jack C. Fruge, Sr. by Jack C. Fruge, Sr., Ville Platte, for plaintiff-appellant.
Baker, Culpepper & Brunson by Herman A. Castete, Jonesboro, for defendants-appellees.
*923 Before BOLIN, HALL and JONES, JJ.
BOLIN, Judge.
The Department of Highways, State of Louisiana, appeals from an expropriation judgment in favor of I.J. and C. H. Allen fixing the quantity of land taken, its market value, and the fees of defendants' expert witnesses. We amend the judgment by reducing the compensation award and the amount fixed as expert witness fees.
The taking of the subject land, which is located approximately 1.2 miles west of the corporate limits of Jonesboro, was necessitated by the widening of Louisiana Highway 4. The land actually taken is a narrow strip off the front portion of a larger tract beginning at the intersection of Highway 4 and a narrow dead-end blacktop roadway. It measures approximately 1000 feet along Highway 4. Determination of the depth of this narrow strip is necessary to a resolution of the controversy over the amount of footage taken. Severance damage is not an issue on appeal.
The Department of Highways specifies three basic errors in the lower court judgment: (1) the quantity of land was incorrectly calculated; (2) the amount awarded for just compensation was excessive; and (3) the fees fixed for the expert witnesses were excessive.

QUANTITY OF LAND TAKEN
The record establishes defendants acquired title to their land from the center line of the highway. However, in this proceeding they are only contending the point of beginning of their property should be the edge of the existing paved portion of the highway. The Department on the other hand contends the point of beginning should be from that portion of land used by the highway, including several feet on each side of the paved portion. The Highway Department offered no evidence establishing its right of way beyond the paved portion of the road.
We find the trial court correctly calculated the amount of land taken to be 43,237 square feet, representing that portion of defendants' land lying between the edge of the pavement and the outer limits of the required new right of way. State of Louisiana, Department of Highways, v. Shackelford, 331 So.2d 884 (La.App.2d Cir. 1976).

VALUE OF PROPERTY TAKEN
Plaintiff offered the testimony of Maurice Chappuis and Gene N. Cope, appraisers. Both appraisers calculated the value of the part taken on the basis of the front land evaluation premise to a depth of 200 feet. Each was of the opinion that utilized in this manner the property's highest and best use would be for country home sites or light commercial having a value of five or six cents per square foot.
Defendants offered the testimony of three appraisers, H. L. Bass, Hab Monsur, and O. L. Jordan. These witnesses likewise were of the opinion the property could best be utilized in 200-foot deep lots. Each appraiser valued the property differently but the conclusions were generally the same. They divided the land into two lots, each possessing approximately the same frontage on Highway 4, but assigned a higher value to the corner lot. All of defendants' experts valued the property at approximately twenty-five cents per square foot except for that portion classified as a "corner lot".
The trial judge in his written reasons for judgment found:
"No attempt will be made to divide the property into commercial and residential, however, it is of the opinion that the property does have some added value because of its accessibility from a road, other than Louisiana Highway 4, and its location.
"It has been concluded that the value of the subject property, at the time of the *924 taking, was Thirty-three and one-third ($.33 1/3) Cents per square foot...."
From our careful study of all the record, including the testimony of the experts, the documents and exhibits, we find the land taken has a fair market value of twenty-five cents per square foot. We find the weight of the evidence does not support the increased value placed on the "corner lot". The narrow blacktop road which intersects Highway 4 to form the "corner lot" is not a traveled highway but to the contrary is a dead-end country road. The land expropriated is unimproved. We find the value of the property taken to be $10,809.25.

EXPERT WITNESS FEES
The trial judge fixed the fees of the expert witnesses used by defendants as follows:

 H. L. Bass .... $ 1,200.00
 Richard Crawford.. 280.00
 Lavelle Nunn ..... 158.20
 Hab Monsur ...... 1,200.00
 O. L. Jordan .... 1,425.00
 __________
 $ 4,263.20

We disallow the fee of the photographer, Lavelle Nunn. See Department of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886 (La.App.2d Cir. 1975), writ refused.
Taking into consideration the qualifications of the expert appraisers, the time consumed by each in preparation, his testimony, the value to the court of the testimony of each appraiser, whether the testimony was cumulative, and the amount of the total award, we fix the fees as follows:

 H. L. Bass ... $ 700.00
 Richard Crawford.. 280.00
 Hab Monsur...... 700.00
 O. L. Jordan .... 700.00
 ________
 $ 2,380.00

For the reasons assigned the judgment of the lower court is amended to reduce the amount awarded defendants from $14,410.89 to $10,809.25, subject to a credit of $770.00 previously deposited by the State of Louisiana through the Department of Highways, leaving a balance of $10,039.25. The judgment is further amended by reducing the total award for expert witness fees from $4,263.20 to $2,380.00, and as amended the judgment is affirmed.