342 So.2d 1201 (1977)
J. Earl ALEXANDER, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 13135.
Court of Appeal of Louisiana, Second Circuit.
February 14, 1977.
*1203 William W. Irwin, Jr., Jerry F. Davis, Johnie E. Branch, Jr., and Bernard L. Malone, Jr., Baton Rouge, for defendant-appellant.
Baker, Culpepper & Brunson, by Herman A. Castete, Jonesboro, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
Plaintiff, J. Earl Alexander, sold to the defendant, State of Louisiana, Department of Highways, for a price of $1,118, property to be used for highway purposes in connection with the widening and improving of Highway 4 near Jonesboro. By this action, plaintiff seeks to rescind the sale on the grounds of lesion beyond moiety. After trial, the district court found the property had a value at the time of the sale of $12,701.40. Judgment was rendered rescinding the sale, but recognizing the Department's right to elect within a reasonable period to retain title by paying the full value, less the amount previously paid. The judgment cast defendant for all costs, including specifically plaintiff's expert witness fees in the amount of $2,925.
The defendant Highway Department appealed, specifying the following errors:
"(1) The Court committed manifest error in finding that the property conveyed had a market value at the time of the sale of $12,701.40 (30 cents per square foot).
(2) The Court committed error in awarding as costs of Court, expert witness fees totaling $2,925."
Applicable Law
In sales of immovable property, the vendor may be relieved if the price given is less than one-half of the value of the property sold. LSA-C.C. Art. 1861. Upon a finding of lesion beyond moiety, the purchaser may elect, within a period to be designated by the court, either to rescind the sale or to have it confirmed on paying the full value. LSA-C.C. Art. 1877. The standard to be applied for the determination of the value of the property is the fair market value at the time of the sale. The party attempting to set aside the sale must discharge the burden of proof incumbent upon him by proving the value of the property by clear and convincing evidence. Peevy v. State, Department of Highways, 340 So.2d 642 (La.App. 2d Cir. 1976); Valley Land Corporation v. Fielder, 242 So.2d 358 (La.App. 2d Cir. 1970).
Fair Market Value
The property sold is a strip of land approximately 60 feet wide with 660 feet frontage on Highway 4, containing 42,338 square feet, situated in a rural area about .8 mile southwest of the city limits of Jonesboro. The price of $1,118 paid by the Highway Department for the property amounts to less than $.03 per square foot.
Six expert appraisers testified in this case, three for the plaintiff and three for the defendant. The defendant's experts testified the property had values ranging from $.05 per square foot to $.12 per square foot. The estimates of value by plaintiff's *1204 experts ranged from $.25 per square foot to $.40 per square foot. We agree with the trial court's finding that plaintiff proved by clear and convincing evidence that the consideration paid was substantially less than one-half the value of the property. We conclude, however, from the totality of the evidence that the fair market value of the property at the time of the sale was less than $.30 per square foot as determined by the trial court.
Plaintiff relied on three appraisers, Habeeb Monsur, H. L. Bass, and O. L. Jordan. Monsur placed a residential value of $.25 per square foot and a commercial value of $.60 per square foot on the property. The only comparable sale he used to arrive at the higher commercial value was a sale on Highway 4 about a block from the courthouse in downtown Jonesboro. The subject property is nearly a mile outside the corporate limits of Jonesboro. The comparables he used in arriving at the $.25 residential value were located in Forest Acres Subdivision. Substantial upward adjustments were made because the subject property could be used without regard to zoning restrictions.
H. L. Bass placed a value of $.30 per square foot on the subject property. The three comparables he used were also located near the Jonesboro courthouse. While he made downward adjustments from these sales to arrive at his appraised value, the size of the adjustments indicates the speculative nature of his appraisal.
Jordan placed a value of $.25 per square foot on the property. He utilized comparable sales in Forest Acres Subdivision, making substantial upward adjustments for the location of the subject property on Highway 4.
Gene Cope, Wayne Medley, and Dean Carter testified for the Department of Highways. Cope placed a value of $.05 per square foot on the property. His comparables fronted on gravel roads near the subject property, but removed from the highway. Medley valued the property at $.115 per square foot. Most of his comparables were on Highway 4. However, some were east of the town of Jonesboro and none were very close to the subject property. Carter, utilizing essentially the same comparable sales as Medley, arrived at a value of $.12 per square foot. The square foot price of the comparable sales ranged from $.11 to $.38 per square foot. The two appraisers made substantial downward adjustments from most of the prices.
All of the appraisers relied on socalled comparable sales, none of which were actually very comparable, requiring substantial adjustments. The thrust of the appraisers' testimony was that the property had a highest and best use either for residential or commercial or both considering its size. The trial court found the highest and best use to be commercial. The evidence does not, however, establish any significant difference in value for commercial and residential property in this area. Our conclusion, based on all the evidence, is that the evidence supports a finding of $.20 per square foot or $8,467.60, as the fair market value of the property at the time of the sale. This result is in line with the values placed on property along Highway 4 in several expropriation cases previously decided by this Court. See State, Department of Highways v. Allen, 332 So.2d 922 (La.App. 2d Cir. 1976); State, Department of Highways v. Shackelford, 331 So.2d 884 (La.App. 2d Cir. 1976); State, Department of Highways v. Hammons, 322 So.2d 279 (La.App. 2d Cir. 1975); and State, Department of Highways v. Coblentz, 322 So.2d 276 (La. App. 2d Cir. 1975).
In the deed by which the property was conveyed from plaintiff to defendant, plaintiff reserved all minerals and defendant agreed to construct a standard vehicular approach from the roadway to plaintiff's remaining property. Defendant contends the mineral reservation should be viewed as reducing the value of the property conveyed and that the obligation to construct a vehicular approach should be viewed as additional consideration paid by the defendant.
No value was attributed to the mineral rights in the estimate of value *1205 made by the expert appraisers or in the ultimate determination by this Court of the value of the property conveyed. There was no evidence indicating that the property conveyed had any less value because of the mineral reservation. While the obligation to construct a vehicular approach could be viewed as additional consideration for the sale, no evidence was offered to establish the value of this obligation for which credit in addition to the cash previously paid could be given against payment of the balance of the full value of the property, if defendant elects to confirm the sale.
Court CostsExpert Witness Fees
Defendant contends that under the provisions of LSA-R.S. 13:4521[1] it cannot be required to pay any court costs (including expert witness fees), except stenographers' fees. An exception to the general rule exempting state agencies from payment of court costs has been made for the fees of expert witnesses in expropriation and appropriation cases, because the Constitution mandates that the landowner receive full value for the property taken. Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389 (1942); Sterkx v. Gravity Drainage District No. 1 of Rapides Parish, 214 So.2d 552 (La. App. 3d Cir. 1968). The exception is not applicable to this suit against the Department of Highways because the right asserted by plaintiff is not his constitutional right to adequate compensation due upon a taking by a public body under power of expropriation. Plaintiff elected not to assert his constitutional right judicially when he voluntarily and conventionally sold his property to the defendant. Plaintiff's right asserted in this suit arises under the Civil Code provisions relating to obligations and sales of immovable property generally. This suit is, therefore, indistinguishable from an ordinary contract or tort claim against a state agency. LSA-R.S. 13:4521 applies and defendant cannot be cast for costs other than stenographers' fees. Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605 (1944). Mullin v. Skains, 205 So.2d 207 (La.App. 2d Cir. 1967).
Decree
The judgment appealed from is amended to reduce the amount the Department must pay to retain title to $8,467.60, together with legal interest from date of judicial demand until paid, subject to a credit of $1,118 previously paid. The judgment is further amended to limit the court costs for which the Department is cast to stenographers' costs. As amended, the judgment is affirmed.
Amended, and as amended, affirmed.
NOTES
[1] LSA-R.S. 13:4521 provides:

"Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This Section shall have no application to stenographers' costs for taking testimony."