347 So.2d 55 (1977)
STATE of Louisiana, DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Dominic TRAINA, et al., Defendant-Appellee.
No. 13244.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
*56 William Irwin, Jr., Jerry F. Davis, Johnie E. Branch, Charles A. O'Brien, III by Charles A. O'Brien, III, Baton Rouge, for plaintiff-appellant.
Baker, Culpepper & Brunson by Herman A. Castete, Jonesboro, for defendant-appellee.
Before BOLIN, MARVIN and JONES, JJ.
MARVIN, Judge.
The State appeals from a judgment awarding $25,779 in an expropriation proceeding, for which the State had deposited $2,179 as its estimate of just compensation under the quick-taking provisions of L.R.S. Title 48. The landowner contends in answer to the appeal that the award should be increased. We amend the judgment below as to the award of severance damage and, as amended, affirm.
The property taken is approximately 1,700 feet west of property previously under consideration by this court in other expropriation cases on State Highway 4 west of Jonesboro. These cases were State, Department of Highways v. Coblentz, 322 So.2d 276 (La.App.2d Cir. 1975) and State, Department of Highways v. Hammons, 322 So.2d 279 (La.App.2d Cir. 1975). Issues as to the extent of the property taken and the value thereof were resolved against the State by the lower court in an excellently reasoned written opinion.
The most serious issue on appeal concerns the award of the lower court of $14,344 as severance damage for diminution in value to a concrete block store building (2,100 sq. ft.) and to an adjacent metal garage building (1,400 sq. ft.). The area immediately surrounding these buildings was considered as commercial property because of its terrain and use or former use. The commercial area fronts approximately 200 feet on the highway and lies near the center of the landowner's total 930 feet of highway frontage.
Before the taking, the landowner had installed 190 feet of culvert between his property and the highway and had a parking area of about 40 feet in depth in front of his buildings. This area was reduced to a depth of 8-10 feet by the taking. The landowner's parent tract of 390 acres also contained a residential area surrounding his home, with the remaining acreage being pasture and woodland.
The lower court commented:
"Appraisals of the loss suffered by the two structures range from practically nothing suggested by [the State's appraiser] to over $25,000 suggested by [one of the landowner's appraisers]. [Two other appraisers for the landowner] appraised this loss at $13,776.62 and $14, 344.00. The Court is of the view $14,344.00 best fits the before and after analysis usually favored and also, it is a figure the Court believes is more probably than not sufficient to modify defendant's structures to permit their restoration to their previous utility. Accordingly, defendant is entitled to recover $14,344.00 for damages to his structure."[1]
The landowner's appraiser (J) whose testimony is relied on by the lower court assigned a depreciated value of $19,125 to all improvements before the taking and determined that these improvements had been reduced in value by 75 percent because of the proximity of the right-of-way to the *57 buildings. No suggestion or award was made for any severance damage to the land and we are concerned only with the reduction in value to the buildings.
The State's appraisers did not assign any severance damage. The other landowner appraisers assigned a 50 percent reduction in value to the buildings.
Other evidence relating to the effect of the taking shows the store building is desirable to a tenant where it had been vacant for one and one-half years prior to the taking; that customers formerly at the store did occasionally park on the side of the building; that the amount of traffic on the highway in front of the store is considered "light": that the store is the furthermost commercial building from Jonesboro; that the same tenant, who occupied for two years before, had occupied the garage building for private purposes since the taking without impairing the tenant's purposes; that other commercial establishments exist on the highway, including one built after the taking, within four and eight feet respectively, of the right-of-way line. We also note that the general parent tract of 930 acres is little diminished by the total taking of 1.25 acres, of which 1.25 acres the commercial strip comprises about .12 acres.
A diminution in the value of improvements on the remaining parent tract is a proper approach in determining severance damage. State, Department of Highways v. Boss, 335 So.2d 700 (La.App.2d Cir. 1976). Some of the landowner's appraisers here testified there. There the lower court applied a 40 percent diminution or depreciation factor to remaining improvements because of the taking of a portion of gasoline service station property in Jonesboro. The landowner's appraisers there testified to a 50-75 percent depreciation factor, while the State's appraisers there testified to 20-25 percent. In the instant case, with the landowner's appraisers testifying to a 50-75 percent factor and those of the State to no depreciation, we are of the opinion that the award was excessive. Recognizing that each particular item of property must be valued on its own, and considering all of the evidence concerning the effect of the taking as mentioned herein and by the appraisers, we are of the opinion that a just and fair depreciation factor would be 40 percent.
The State also suggests we should recognize that Act 630 of 1976, effective October 1, 1976, is a "definitional statute" and apply it retroactively to this case, the trial of which concluded July 2, 1975. This statute extends the area acquired as public roads by declaration or by informal dedication to a point one and one-half feet beyond the outside slope of the roadside ditch.[2] We cannot say that this statute is clearly remedial or procedural in nature and decline to give it retroactive effect. Town of Eunice v. Childs, 205 So.2d 897 (La.App.2d Cir. 1967).

CONCLUSION
The award is accordingly amended to reduce severance damages from 75 percent of $19,125 ($14,344) to 40 percent ($7,650). As thus amended, the written reasons of the trial court are adopted, and the judgment below, as amended, is affirmed at appellant's cost.
NOTES
[1] Since the burden is on the landowner to prove severance damage to a reasonable certainty, we do not adopt the lower court's comments regarding the cost of "restoration" of the buildings to their "previous utility." This method (cost to cure) is acceptable only if supported by evidence as in State, Dept. of Highways v. Model Development Corp., 322 So.2d 270 (La.App.2d Cir. 1975).
[2] See Jackson v. Town of Logansport, 322 So.2d 281 (La.App.2d Cir. 1975)