PRICE, Judge.
Plaintiffs in these consolidated suits sold property to the Department of Highways in connection with the proposed widening of U.S. Highway 167 in Jackson Parish. Plaintiffs now seek to set the sales aside for lesion beyond moiety contending they sold the property for less than half of its value. The trial court rejected plaintiffs’ demand for rescission of the sales, but assessed the cost of the proceedings including expert witness fees against the Department of Highways.
The Department of Highways has appealed from the trial court’s action in assessing against it the cost of plaintiffs’ expert witnesses. Plaintiffs have answered the appeal asking that the judgment rejecting their demands for rescission be reversed.
We reverse the judgment as it relates to the taxing of cost of expert witness fees against the Department of Highways and affirm the judgment rejecting plaintiffs’ demand of rescission for lesion beyond moiety.
ASSESSMENT OF COSTS
This court has recently decided the Department of Highways is not liable for the fees of the landowner’s expert witnesses in a suit attempting to set aside a conveyance on the grounds of lesion beyond moiety. Alexander v. State of Louisiana, Department of Highways, 342 So.2d 1201 (La.App.2d Cir. 1977). For the same reasons given in the Alexander decision, we find the trial court was in error in assessing as costs the fees of expert witnesses against the Department of Highways.
Although the Department of Highways has complained that no cost should be assessed against it as it was the successful litigant in this instance, the Department may legally be cast for stenographer’s fees under L.R.S. 13-4521, and the trial court has the discretion to award cost against any party under the provisions of C.C.P. Art. 1920. Therefore, we do not find it appropriate to disturb the trial judge’s award of the cost relating to the fee of the court reporter.
LESION BEYOND MOIETY
The two tracts of land which are owned by the plaintiffs, Olive J. Dejean and F. A. Dejean, are contiguous plots presently being used for residential purposes on the west side of U.S. 167 in the area between Hodge and Jonesboro. The Olive Dejean property is bordered on the south by an unnamed road right-of-way making it a corner lot. The Department of Highways purchased a narrow strip across the front of this tract together with a triangular area at the intersection of U.S. 167 and the unnamed street for a sight flare. The total area conveyed was approximately 1,700 square feet for which Olive Dejean received $1,805.
*940 F. A. Dejean sold a similar narrow strip along the highway right-of-way of approximately 1,150 square feet for $1,166.
These plaintiffs contend that at the time these sales were made by February 19, 1974, that the land conveyed by each had a market value of more than double the consideration paid by the Department of Highways.
The applicable law was summarized by this court in Alexander v. State of Louisiana, Department of Highways, supra, as follows:
In sales of immovable property, the vendor may be relieved if the price given is less than one-half of the value of the property sold. LSA-C.C. Art. 1861. Upon a finding of lesion beyond moiety, the purchaser may elect, within a period to be designated by the court, either to rescind the sale or to have it confirmed on paying the full value. LSA-C.C. Art. 1877. The standard to be applied for the determination of the value of the property is the fair market value at the time of the sale. The party attempting to set aside the sale must discharge the burden of proof incumbent upon him by proving the value of the property by clear and convincing evidence. Peevy v. State, Department of Highways, 340 So.2d 642 (La.App.2d Cir. 1976); Valley Land Corporation v. Fielder, 242 So.2d 358 (La.App.2d Cir. 1970).
Plaintiffs sought to satisfy the burden of proof imposed on them by presenting the testimony of two expert appraisers, O. L. Jordan and H. L. Bass, each of whom testified the highest and best use of these tracts is for commercial development, and relying on adjusted comparables, they testified the fair market value at the time of the sales was $2.00 to $2.25 per square foot for each tract. Under this formula, the plaintiffs would have received less than half the value for their property.
The Department of Highways presented the testimony of L. J. Roy and Dan Carlock, expert appraisers, who agreed the best use of the properties was for commercial purposes. They disagreed, however, with the estimate of market value assigned by plaintiffs’ witnesses. Both of these experts were of the opinion that based on a market data comparison, the highest value that could have been placed on these properties at the time of the sales was $1.05 per square foot.
The testimony of plaintiffs’ experts indicates it was necessary to make extensive adjustments for time and location to achieve the unit value of the subject tracts assigned by them. Their estimates of value, therefore, were more conjectural than the opinions of the expert witnesses who testified on behalf of the Department of Highways.
The trial court was not in error in finding the plaintiffs’ evidence to be insufficient to show lesion within the degree of certainty required under the jurisprudence.
For the reasons assigned, the judgment appealed is amended to remove from the award of costs against the Department of Highways the fees of plaintiffs’ expert witnesses, and as amended, is affirmed. Plaintiffs are assessed the cost of this appeal.