MARVIN, Judge.
In this expropriation of property for a state highway under the quick taking statute, the State appeals, contending the lower court erred in determining the value and the highest and best use of the respective parcels taken, and in fixing and taxing as costs the fee of a photographer hired by the landowner. We disallow the fee of the photographer and otherwise affirm.
The 390-acre parent tract of the defendant landowner fronts almost 2,000 feet along the south side of State Highway 4 about two miles west of Jonesboro. We have considered other appeals involving expropriation of adjacent properties on the same highway. See State, Dept. of Highways v. Traina, 347 So.2d 55 (La.App. 2d Cir. 1977); State, Department of Highways v. Coblentz, 322 So.2d 276 (La.App. 2d Cir. 1975); and State, Department of Highways v. Hammons, 322 So.2d 279 (La.App. 2d Cir. 1975). Defendant’s property lies between the Traina property and that of Hammons and Coblentz. Defendant’s property was expropriated in several parcels in two suits because its highway frontage is interrupted by a one-acre site belonging to a church which is surrounded on three sides by defendant’s parent tract.
The expropriated parcels west of the church comprised 81,019.6 square feet, the highest and best use of which were found to be residential. The expropriated parcel east of the church contained 4,356 square feet, the highest and best use of which was found to be commercial. The lower court awarded 20 cents per square foot for the residential parcels and 30 cents per square foot for the commercial parcel. A reduction was allowed of five cents per square foot for a part of each parcel which was burdened with utility servitudes. These values are in accord with the values fixed on appeal in Coblentz and Hammons and are supported by the record.
The State complains that the parcel east of the church should not have been determined to be commercial. We find no error in this respect. Besides the expert appraisal testimony supporting this determination, the record shows that there once was a commercial business to the west and across the road from this parcel and that approximately 10 businesses were on the highway between this parcel and Jonesboro.
The State also complains that a greater deduction than five cents should have been made from the square foot value fixed by the court because of the utility servitudes. The landowner had permitted gas and water lines to be installed on his property along the highway before the taking. The State contends the trial court should have reduced the square foot value by 80 percent instead of approximately 25 percent and should have considered an electric power line on the parcels. The landowner had not granted a servitude for the power line and the trial court did not err in ignoring the power line and determining the reduction solely on the basis of the servitudes granted by the landowner. The lower court noted that there was “no evidence” to show that the existing servitudes would hamper development of the property for its highest and *167 best use. Under these circumstances we find no error.
Testimony of the several appraisers conflicted as to whether any portion of the parcels taken was seriously below grade or was low land to an extent which would diminish the square foot value. The lower court gave detailed written reasons for accepting the testimony of the landowner’s appraisers and declined to make any reduction in the square foot value. The alleged low land is not as low as in Traína where a reduction in value was allowed. The record supports the lower court’s findings and conclusions in this respect and we find no error.
The fee of the photographer employed by the landowner is not allowed and the judgment is amended to delete the award made below. State, Dept. of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886 (La.App. 2d Cir. 1975).
For the detailed reasons assigned below and summarized here, in each case, the judgment, as amended to delete the photographer’s fee, is affirmed at appellant’s cost.